FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERNARDO C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 4:25-CV-5008-SAB <br><br> **ORDER REVERSING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Matthew McGarry. The Commissioner is represented by Benjamin Groebner and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF No. 16, and the Commissioner's Brief, ECF No. 20.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

**I. Jurisdiction**

On May 13, 2022, Plaintiff filed an application for disability insurance benefits (DIB), and supplemental security income (SSI), alleging disability

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

beginning July 30, 2018. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on September 7, 2023, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, who issued a decision finding Plaintiff was not disabled on November 1, 2023. Plaintiff appealed that decision, and the Appeals Counsel vacated the opinion and remanded Plaintiff's case.

A hearing was held on August 5, 2024 before an ALJ. Plaintiff appeared and testified with the assistance of counsel Peter Natale. Jeffrey Tittlefitz, vocational expert, also participated. The ALJ found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on November 27, 2024. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on February 13, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and

fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff previously worked at the Washington State Penitentiary in Walla, Walla, Washington. While working, he began to hear voices. Eventually he lost his job and became depressed. Plaintiff began using methamphetamine to cope with stress and the voices. He states the voices and auditory hallucinations are slowly getting worse. He has occasional thoughts of harming himself due to wanting to be rid of the voices, as well as suicidal thoughts. Plaintiff has experienced homelessness. He has had encounters with the police. He experiences paranoia, disorganized thoughts, difficulty in maintaining focus in conversations, and has admitted to episodes of rage and violence during which he did not feel in control of his actions.

At the time of the August 2024 hearing, Plaintiff was an inpatient at Waypoint in Walla Walla, Washington. He was brought there by the police after he was suicidal. In being at Waypoint, Plaintiff had stopped using drugs, but he continued to experience regular auditory hallucinations. He continues to experience paranoia and persecutory delusions, and sometimes he is unable to

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

sleep because he does not trust people. He also has anger outbursts and frustration with others.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 19-31.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 30, 2018. AR 22.

At step two, the ALJ identified the following severe impairments: substance use disorder; anxiety disorder; depressive disorder; and schizoaffective disorder. AR 22.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 23. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except he is limited to performing simple tasks. He is restricted to low-stress work, meaning no production-rate pace such as conveyor-belt work or non-worker-controlled pace. He requires a predictable work environment. He must avoid interactions with the public as a job requirement. He can have superficial interaction with coworkers and supervisors. Interaction with supervisors may increase to a higher level when necessary for training.

AR 24.

At step four, the ALJ found Plaintiff has no past relevant work. AR 29.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also, including janitor, laborer, stores, and auto-detailer. AR 30. Consequently, the ALJ found Plaintiff was not disabled since July 30, 2018. AR 30.

## VI. Analysis

In its prior November 2023 opinion, the ALJ found that during the period in question, Plaintiff regularly presented with significant symptoms of schizoaffective

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

disorder as aggravated by regular use of methamphetamines and cocaine. It found Plaintiff had *marked* limitations in interacting with others, in concentrating, persisting, or maintaining pace, and in adapting or managing oneself. The ALJ then found that when including Plaintiff's substance abuse disorder, he met the criteria of Section 12.03 of the Listings, but concluded if Plaintiff stopped using the illegal drugs, he would not have an impairment or combination of impairments that would meet any Listings.

After the case was remanded, the ALJ then found Plaintiff had only *moderate* limitations in interacting with others, in concentrating, persisting, or maintain pace, and in adapting or managing oneself, found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any Listings, and found Plaintiff was not disabled. Because of these findings, the ALJ was not required to conduct a drug addiction analysis ("DAA").[1]

In its response, the Commissioner concedes the ALJ's Step Three finding is not supported by substantial evidence, but asks the Court to remand for further administrative proceedings because it asserts there is evidence that Plaintiff worked during the period of alleged disability.

The Commissioners' request is not well-taken. First, the Court assumes the ALJ reviewed the record and in doing so, found that Plaintiff had not engaged in

---

[1] "An individual shall not be considered to be disabled ... if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). In cases involving drug addiction and alcoholism (DAA), an ALJ must apply the five-step sequential disability analysis twice. If the ALJ finds the claimant disabled during the first five-step analysis, the ALJ must then consider whether the claimant would be disabled if they stopped using drugs. If the DAA is a contributing factor material to the determination of disability, the claimant is not disabled.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

substantial gainful activity. The "work" identified by the Commission includes simple side jobs completed for a close friend, who was allowing Plaintiff to live in a shed on his property. This type of work does not provide any support to suggest that Plaintiff could maintain a regular, full-time job.

Because the ALJ erred at Step Three[2] and Plaintiff has not engaged in substantial gainful activity, a remand for an immediate award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1.  For court management purposes, Plaintiff's Opening Brief, ECF No. 16, is **GRANTED**.

2.  For court management purposes, the Commissioner's Brief, ECF No. 201, is **DENIED**.

3.  The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

//
//
//
//
//
//

---

[2] Substantial evidence in the record supports a finding that Plaintiff meets Listing 12.03, as well as a finding that Plaintiff's drug addiction is not a contributing factor material to the disability determination. *See* SSR 13.2P ("[A] record of multiple hospitalizations, emergency department visits, or other treatment for the co-occurring mental disorder—with or without treatment for DAA—is an indication that DAA may not be material even if the claimant is discharged in improved condition after each intervention.").

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

4.  Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 23rd day of September 2025.

_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9